**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MALKIT SINGH MANN,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 13-71699<br><br>Agency No. A096-496-733<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 17, 2016
San Francisco, California

Before: BYBEE and N.R. SMITH, Circuit Judges, and HELLERSTEIN,[**] Senior
District Judge.

When the Board of Immigration Appeals ("BIA") conducts a clear error

review, it relies "upon the [immigration judge's ("IJ")] opinion as a statement of

reasons." *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008) (quoting *Kozulin*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Alvin K. Hellerstein, Senior District Judge for the U.S.
District Court for the Southern District of New York, sitting by designation.

*v. INS*, 218 F.3d 1112, 1115 (9th Cir. 2000)). Therefore, we can "look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *Id.* (quoting *Kozulin*, 218 F.3d at 1115. "In so doing, we review here the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's oral decision in support of those reasons." *Id.* "Stated differently, we do not review those parts of the IJ's . . . finding[s] that the BIA did not identify as 'most significant' and did not otherwise mention." *Id.*

Because the BIA concluded that Mann suffered from past persecution, Mann was entitled to a presumption of a well-founded fear of future persecution. *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1070 (9th Cir. 2003). To rebut this presumption, "the burden is on the [government] to demonstrate by a preponderance of the evidence, . . . that [Mann] can reasonably relocate internally to an area of safety." *Id.* "There are thus two steps to the relocation analysis, the first focusing on 'whether an applicant could relocate safely' and the second asking 'whether it would be reasonable to require the applicant to do so.'" *Afriyie v. Holder*, 613 F.3d 924, 934 (9th Cir. 2010) (quoting *Kaiser v. Ashcroft*, 390 F.3d 653, 659 (9th Cir. 2004)). Further, the BIA must provide an individualized analysis of whether relocation was reasonable. "Information about general changes in the country is insufficient for the government to overcome the

2

presumption [of future persecution]." *Lopez v. Ashcroft*, 366 F.3d 799, 805 (9th Cir. 2004).

Mann asserts that the BIA erred in its determination by (1) failing to provide an individualized analysis regarding whether Mann can safely relocate in India, given his political opinion; (2) failing to specify a specific area to which Mann could relocate;[1] and (3) failing to properly assess the factors in determining whether relocation was reasonable.

We cannot determine on this record whether the BIA's internal relocation determination is supported by substantial evidence, because it is unclear (1) whether the BIA applied the relocations standard set forth in *Matter of M-Z-M-R-*, 26 I. & N. Dec. 28, 33 (BIA 2012), and (2) whether the BIA performed an individualized analysis, taking into account Mann's past harm as it relates to the current country reports.

"[B]ecause the purpose of the relocation rule is not to require an applicant to stay one step ahead of persecution in the proposed area, that location must present circumstances that are substantially better than those giving rise to a well-founded fear of persecution on the basis of the original claim." *Matter of M-Z-M-R-*, 26 I.

---

[1] Mann initially challenged the lack of specificity regarding the proposed area of relocation. He withdrew this challenge at oral argument. Thus, we do not consider it here.

& N. Dec. at 33. The BIA's determination with regard to this issue consisted of citations to general country conditions regarding Sikhs in India. It failed to provide an explanation for its conclusion that circumstances are substantially better than those in Punjab. *See id.* It also failed to provide an individualized analysis, focusing on Mann's specific harm in relation to relevant country reports. *See id.* at 33-34; *see also Chand v. INS*, 222 F.3d 1066, 1079 (9th Cir. 2000) ("[T]he determination of whether or not a particular applicant's fear is rebutted . . . requires an individualized analysis that focuses on the specific harm suffered and the relationship to it of the particular information contained in the relevant country reports."). Although the BIA cited to *Matter of M-Z-M-R-* and concluded that an individualized analysis was made, we are unable to determine from the record whether the BIA actually applied those legal standards. *See Cordon-Garcia v. INS*, 204 F.3d 985, 993-94 (9th Cir. 2000); *see also Delgado v. Holder*, 648 F.3d 1095, 1108 (9th Cir.2011) (en banc) ("Without knowing the basis of the [BIA's] decision, we cannot conduct a meaningful review" of it.). Accordingly, we remand for further consideration of Mann's claims for asylum, withholding of removal, and relief under the Convention Against Torture, so the BIA can provide a

4

reasoned decision as to whether Mann can "reasonably relocate internally to an area of safety." *Melkonian*, 320 F.3d at 1070.[2]

**PETITION FOR REVIEW GRANTED AND REMANDED.**

---

[2] Mann also challenged the reasonableness of relocation. In light our decision, we do not address this argument.